UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-60309 -CIV-COOKE-BROWN

NEW HAMPSHIRE INSURANCE COMPANY,

    Plaintiffs,

vs.

ROBERT KRILICH and RAINBOW AIR CORP.,

    Defendants.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** came before the Court on the Plaintiff's Motion for Summary Judgment (DE 28). The Court has reviewed the Motion, the Response, the Reply, and all pertinent portions of the file.

### Facts

On March 20, 1993, Plaintiff issued an All-Risks Yacht Policy which insured the R. RENDEZVOUS, a 110 foot, fiberglass hull motor yacht (hereinafter "the vessel"), owned by Defendant Rainbow Air Corp. whose sole shareholder was Defendant Robert Krilich. On October 19, 2005, the vessel partially sank while she was moored at her usual berth behind Krilich's residence. On March 9, 2006, Plaintiff filed the instant action seeking a declaration of no coverage for the incident under the policy and now moves for summary judgment on that claim.

### Discussion

**I. Legal Standard**

Summary judgment is proper only when no genuine issue as to any material fact exists and the moving party is entitled to a judgment as a matter of law. Info. Sys. & Networks Corp. v. City

1

of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002). The Court must view all of the evidence in the light most favorable to the nonmoving party, with all reasonable inferences also being drawn in the nonmovant's favor. Id. A genuine issue as to material fact exists only when "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a general issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989). However, if the facts and inferences overwhelmingly favor one side, such that a reasonable jury could only arrive at one verdict, then summary judgment must be granted as a matter of law. Williams v. Dresser Indus., Inc., 120 F.3d 1163, 1167 (11th Cir. 1997). For the nonmovant to survive such a grant, there must be more than a mere scintilla of evidence. Id.

## II. Substantial Issues of Material Fact Exist

"An all risk policy is one which provides coverage against all risks, the words typically being inserted in writing, covering every loss that may happen except by the fraudulent acts of the insured." International Ship Repair v. St. Paul Fire Marine, 944 F. Supp. 886, 891 (S.D. Fla. 1996). "Accordingly, 'an all-risk policy will be allowed for all fortuitous losses not resulting from misconduct or fraud, unless the policy contains a specific provision expressly excluding the loss from coverage.'" Id. at 892.

Defendants maintain that there is an ambiguity in the exclusion portion of the policy at issue, which Plaintiff relies on to deny coverage.[1] The Court agrees that where an ambiguity exists in the

---

[1]The policy provides, inter alia,

> We shall not cover any loss or damage arising out of: (a) Any intentional misuse or conduct, or lack of reasonable care or due diligence, in the operation or maintenance of your yacht ...

policy, it is for the Court to construe the contract. See id. at 891. Regardless of how the Court construes the policy, however, there are issues of fact which preclude summary judgment at this stage of the case. For example, whether the insured either intentionally misused, or alternatively negligently failed to exercise reasonable care or due diligence, is disputed.

Other disputed issues of fact are relevant to the legal issues before the Court - specifically, whether Plaintiff breached an implied warranty of seaworthiness (see, e.g., Kilpatrick Marine Piling v. Fireman's Fund Ins., 795 F.2d 940, 945 (11th Cir. 1986)) and whether the loss was "fortuitous."[2] Similarly, although it is for the Court to determine the proper definition of "latent defect" for purposes of the policy, whether the damage was indeed caused by a "latent defect" involves a resolution of disputed issues of fact.

For example, there are issues of fact, and differences of opinion between the experts, as to whether the berth was berth was sufficiently deep to accommodate the vessel, and whether the vessel was properly maintained with respect to possible damage to the keel as a result of contact with the berth. There is also a difference of opinion as to what likely caused the damage to the keel - that is, contact with the berth or unsuccessful repair one of the reported groundings of the vessel, thus creating a gradual flooding of the vessel. Furthermore, there are issues of fact as to whether the damage to the keel existed prior to, or occurred during or after the sinking of the vessel. Finally, other factual issues regarding the maintenance of the vessel, or lack thereof, and the relevance of these efforts, exist.

## Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for

---

[2] The Court acknowledges Defendants' position that it is not necessary that they show that the loss was "fortuitous" under the facts of this case, as well as the parties' differing positions as to the burden of proof. The Court finds that resolution of these issues is not necessary for purposes of this motion, in that an issue of fact would exist no matter which party had the burden.

Summary Judgment be **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of October, 2007.

_____
STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
counsel of record